# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA C. FULLER BEY, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-0277-JMS-TAB |
| DUSHAN ZATECKY, | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus**

The petition of Dana C. Fuller-Bey, Jr. for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 13-11-0040. For the reasons explained in this Entry, Mr. Fuller-Bey's habeas petition must be **GRANTED**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On November 6, 2013, Correctional Officer McClish wrote a conduct report that charged Mr. Fuller-Bey with class B offense 231, possession of intoxicants. The conduct report states:

> At roughly 12:30 AM Ofc. McClish was doing a routine walk to wake up kitchen workers when he went to E1 203 to wake up [O]ffender Fuller #978697. Upon opening door smelled what appeared to be brew. Notified Ck. Pt. 2 [O]fc. Warner of this. Ofc. Warner came over to E-Bldg and preformed (sic) a walk thru and also smelled brew around E1-203. Ofc. Warner then notified unit 51 and Lt. Smith. Both advised that we had to wait until offender was out for breakfast. Breakfast line went out at 4:16 am and Ofc. McClish notified Ofc. Warner that both offenders were gone. Ofc. Warner came to controll (sic) room as Ofc. McClish went to check cell. Found property box under bed opened it and smelled brew. Check box and found 2 bags of brew cooking, orange in color with oranges inside and burping device, and 2 pieces of rubber tubing approx. 2ft in length, and shampoo bottle with liquad (sic) and 6 lbs of sugar.

Officer Warner also provided a statement:

> On 11-6-13 at 4:27 AM I, Ofc. D. Warner, observe[d] Ofc. P. McClish remove grey property box from E1-203. The property box contained 2 bags of orange homemade intoxicant, 2-2FT sections of white hose, and homemade burping device. The items were wrapped in white blanket. E1-203 is occupied by OFN. Dana Fuller # 978697 [and] Ellis, Michael #922017.

On November 13, 2013, Mr. Fuller-Bey was notified of the charge and served with the conduct report and the notice of disciplinary hearing "screening report." Mr. Fuller-Bey was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. During the screening, Mr. Fuller-Bey did not request any witnesses or physical evidence. After screening, however, Mr. Fuller-Bey submitted a written request for "the kitchen countletter to show I was at work on the day the alleged incident occurred." This request was denied because "[i]t does not matter if you were in the room or at work. It was found in your housing area." Ex. E.

The hearing officer conducted a disciplinary hearing in No. ISR 13-11-0040 on November 15, 2013, and found Mr. Fuller-Bey guilty of the charge of possession of intoxicants. At the hearing, Mr. Fuller-Bey provided a written statement asserting that he had no knowledge of the "brew" being in the cell. He stated that he did not have a property box assigned to him on that day. The intoxicants were found in his cellmate's closed, locked property box. Mr. Fuller-Bey admitted to smelling a faint scent of oranges when he woke up that morning and seeing orange peels in the trash, so he assumed that is where the smell came from. When he left the cell for his work assignment, his cellmate was asleep. Mr. Fuller-Bey works from 1 a.m. until 8:30 a.m. and stays up until noon and then goes to sleep. He does not drink nor does he need money, he was conduct charge free for a year and a half, he has had a job for about two years, he has been in an apprenticeship program through Aramark, attends religious services regularly, has regular visitors, and got married July 10. He stated that he does not know what his cellmate does during the day while he sleeps and when he wakes up for work, his cellmate is asleep. He stated that it would make no sense for him to involve himself with making intoxicants. If he had known that "brew" was in his cell, he would have said something to his cellmate. Ex. G-2, dkt. 11-7.

In making the guilty determination, the hearing officer relied on the conduct report, the officer's witness statement, the pictures, and Mr. Fuller-Bey's written statement at the hearing. The hearing officer imposed the following sanctions: a written reprimand, a 30 day loss of telephone and commissary privileges, a suspended 3 months in disciplinary segregation, and a 90 day earned credit time deprivation. The sanctions were imposed because of the seriousness and nature of the offense and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Fuller-Bey's appeals through the administrative process were denied. On appeal, he submitted a statement from his cellmate, Mr. Ellis, dated November 20, 2013, which confirmed that the intoxicants belonged to Mr. Ellis and that Mr. Fuller-Bey did not know about the intoxicants. Nonetheless, the guilty finding was affirmed because "[a]ccording to policy this item was in your possession because it was in your living quarters." Ex. H-8, dkt. 11-8. Mr. Fuller-Bey now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Fuller-Bey brings the following claims for habeas relief: 1) his cellmate Michael Ellis admitted that the intoxicants were his and he stated that Mr. Fuller-Bey was unaware of the intoxicants being in Mr. Ellis' property box; 2) he was restricted to permanent non-contact visitation as a result of the guilty finding.

Mr. Fuller-Bey challenges the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Fuller-Bey argues that there was no evidence that the intoxicants belonged to him. Both Mr. Fuller-Bey and his cellmate Mr. Ellis were written up on the "possession of intoxicants" charge and both were found guilty. The respondent argues that the required sufficiency of evidence, "some evidence," may be satisfied when an illegal item is found in a cell shared by more than one offender, citing *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir. 1992) ("constructive

possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access"). Each offender may be found guilty by joint or constructive possession. *Id.*

*Hamilton* involved a situation where contraband was found in a cell occupied by and under the control of the petitioner and three cellmates. There was "no direct evidence identifying one of the four cellmates as the owner of the contraband." *Id.* at 346. This meant that there was a 25% chance that the contraband belonged to the petitioner, and that was sufficient to constitute "some evidence." *Id.*

Unlike *Hamilton,* however, in this case, there *is* direct evidence in the record identifying a single owner of the "brew." The record is undisputed that Mr. Ellis was the inmate who was making the brew. The contraband was found in Mr. Ellis' closed, locked property box. Mr. Fuller-Bey did not have a property box. He was unaware of any intoxicant. The conduct report stated that the officer "found property box under bed." The conduct report did not identify Mr. Fuller-Bey's bed nor did it state that it was his property box. All of the evidence is exculpatory in relation to Mr. Fuller-Bey. If there were no direct evidence as to which cellmate possessed the property box and the contraband inside, then the "some evidence" standard would have been satisfied. Under these circumstances, however, the doctrine of constructive possession is not applicable and the record is devoid of evidence showing that Mr. Fuller-Bey was in possession of intoxicants.

Even under the liberal standard of "some evidence," there was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Mr. Fuller-Bey's due process rights were violated in finding him guilty of possessing intoxicants. His petition for writ of habeas corpus must be **granted.**

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Mr. Fuller-Bey's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED**. Accordingly, Mr. Fuller-Bey's petition for a writ of habeas corpus is **GRANTED**. No rehearing of the misconduct charged in No. ISR 13-11-0040 is permitted. This decision shall be considered with respect to the permanent modification of visiting privileges issued on November 19, 2013. Pet'r Ex. C (dkt. 19-13).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: January 6, 2015

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Dana C. Fuller-Bey, Jr.
#978697
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064