UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANA C. FULLER BEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-0277-JMS-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry on Respondent's Motion to Alter or Amend Judgment**

Judgment dismissing this action was entered on the docket January 7, 2015, when the Court granted the petitioner's petition for writ of habeas corpus. On February 3, 2015, the respondent filed a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure.*

"A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). The respondent argues that the Court's decision in granting Mr. Fuller-Bey's petition for writ of habeas corpus was erroneous because it was based on critical findings not supported by the evidence and because it did not properly apply the principles of constructive possession enunciated in *Hamilton v. O'Leary,* 976 F.2d 341 (7th Cir. 1992).

The dispositive facts in this case as reported in the conduct report are that "brew" was found in a property box under a bed in the cell belonging to Mr. Fuller-Bey and his cell-mate. The evidence presented by Mr. Fuller-Bey at and before his disciplinary hearing denied having a property box and denied any knowledge of the brew. (Ex. H7, G2). His lack of knowledge was

supported by specific facts, including his unique sleep schedule, wearing ear plugs, and having no desire or incentive to make brew. He admitted to smelling a scent of oranges, but saw orange peels in the trash, so he assumed that the smell came from there. On appeal, indeed, his cell-mate admitted to making the brew.

The respondent first argues that the record does not support the Court's findings of fact. The respondent asserts that the Court misstated that the property box was "locked," as alleged by Mr. Fuller-Bey in his written statement when he was screened (Ex. H7) and in his petition. Whether or not the property box was locked, however, was not dispositive to the Court's decision. Rather, the issue is which offender(s) had possession of the intoxicants. While both inmates could have had access to the property box, other evidence presented by Mr. Fuller-Bey, as discussed in the Court's decision, showed that Mr. Fuller-Bey did not participate in making the intoxicants. "Proximity is not possession." *Austin v. Pazera,* No. 14-2574, 2015 WL 710356 (7th Cir. Feb. 19, 2015) (Even if a petitioner knew there was contraband tobacco, "if he had no interest in trafficking in tobacco and so would never become an actual possessor, he would not be guilty of constructive possession, for obviously a bystander who merely notices something is not in constructive possession of it.").

With respect to the cell-mate's statement acknowledging that he was the one making the brew and that Mr. Fuller-Bey was unaware of the intoxicants, the respondent argues that this statement was presented on appeal, and only evidence presented to the hearing officer may be considered by the Court on review. This defense, however, was not made in the respondent's return to order to show cause, and a Rule 59(e) motion does not allow a party to "advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick,* 594 F.3d at 568. In his return, the respondent had argued that even though the cell-mate

confessed that the intoxicants were his, Mr. Fuller-Bey could still be found guilty "because he shared the cell with another inmate." Dkt. 11 at p. 5. The respondent further argued that even if a due process error had been made, the burden was on Mr. Fuller-Bey "to show that the error had a substantial and injurious effect on the outcome of the proceeding." Dkt. 11 at pp. 5-6. Finding that Mr. Fuller-Bey was guilty of possessing intoxicants in the face of evidence that he had no knowledge of it and his cell-mate admitted to being the only one aware of and involved in making the intoxicants, and being sanctioned with a loss of 90 days of earned credit time, loss of privileges, and 30 days in disciplinary segregation, certainly amounted to a "substantial and injurious effect on the outcome."

For these reasons, the respondent's motion to alter or amend [dkt. 22] is **denied.**

**IT IS SO ORDERED.**

Date: <u>March 24, 2015</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Dana C. Fuller-Bey, Jr.
#978697
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064